UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22305-BLOOM

SALINAS ACOSTA WEAVER,

    Plaintiff,
v.

FLORIDA DEPARTMENT OF
ECONOMIC OPPORTUNITY
REEMPLOYMENT ASSISTANCE, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Salinas Acosta Weaver's Complaint, ECF No. [1], docketed on June 22, 2023. Plaintiff has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3] ("IFP Motion"). Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Having screened Plaintiff's Complaint, the Court concludes it is subject to dismissal.

    To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff's Complaint alleges, in totality:

> *I, Mr. Salina Acosta Weaver the Plaintiff demands a Title 28 Civil Right Claim for a Default Judgement against the Defendant in the amount of $325,000 for not participating in the Fraudulent Activity occurring in the Florida Department of Economic Opportunity Reemployment Assistance and Benefits Payment Control.*
>
> *-The Defendants paid my benefit checks to another account using my Claims' ID. See Exhibit*
>
> *-The Defendants verified another account for benefit checks using my Claims' ID. See Exhibit*
>
> *-The Defendants defrauded the federal government using my Claims' ID. See Exhibit*
>
> *The Defendants defrauded the state government using my Claims' ID. See Exhibit*

ECF No. [1] at 1. Plaintiff has attached 15 pages of exhibits, which include his fingerprints, checks from Labor for Hire and the Department of Economic Opportunity Reemployment Assistance, Plaintiff's W-9 Form, a Final Decree indicating that Plaintiff changed his name in 2017, and Plaintiff's high school transcript. *Id*. at 3-17.

Case No. 23-cv-22305-BLOOM

Plaintiff's Complaint is deficient in a number of ways. First, it does not clearly state a claim for relief that is plausible on its face. *Barmapov*, 986 F.3d at 1324. Plaintiff purportedly brings an unspecified "Title 28 Civil Right Claim" against Defendants "for not participating in . . . Fraudulent Activity[.]" ECF No. [1] at 1. Presumably, the "not" in that sentence is a scrivener's error and Plaintiff seeks to hold Defendants liable for what Plaintiff believes to be fraudulent activity. However, the Complaint fails to specify what that fraudulent activity consists of or the basis for Plaintiff's lawsuit.

Second, the Complaint lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Based on the handwritten notes "Not Received" that appear on the checks Plaintiff attached to his Complaint, ECF No. [1] at 5-7, the Court's best guess is that Plaintiff believes Defendants owe him money. There is no apparent ground for federal jurisdiction over that claim.

Plaintiff's IFP Motion is also deficient because it indicates that Plaintiff is both currently incarcerated and not incarcerated. ECF No. [3] at 1. Given that inconsistency, the Court cannot determine whether Plaintiff is required to submit a prison account statement. *See* 28 U.S.C. § 1915(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to **CLOSE** the case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 23-cv-22305-BLOOM

Copies to:

**Salinas Acosta Weaver**
500 NW 2nd Ave
Miami, FL 33101
PRO SE

Salinas.smith2022@gmail.com